### PEOPLE v. MYERS.

*(Supreme Court, General Term, Third Department. February 4, 1891.)*

MUNICIPAL CORPORATIONS—COLLECTION OF STATE TAX—DUTY OF CITY COMPTROLLER.
   Where the amount of the state tax payable by the city and county of New York, according to previous equalization and apportionment, has been levied and collected through the instrumentality of the officers and boards provided under the constitution and laws of the state, and deposited in the city treasury, the comptroller of the city of New York, who is only charged with the ministerial duty of drawing his warrant on the city chamberlain for the payment of said amount to the state, has no power to withhold payment thereof, or raise objections of irregularity and informality in the assessment and collection of said taxes.

Appeal from judgment on report of referee.

*Mandamus* by the people of the state of New York against Theodore W. Myers, as comptroller of the city of New York, to compel him to draw and sign his warrant upon the chamberlain of the city of New York, directing

him to pay the amount of certain taxes alleged to be due to the treasurer of the state of New York. Defendant appeals from a judgment for plaintiffs on the report of a referee, granting a peremptory writ. For former report, see 3 N. Y. Supp. 365.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*William H. Clark,* (*J. W. M. Newlin* and *George S. Coleman,* of counsel,) for appellant. *Charles F. Tabor,* (*William A. Paste,* of counsel,) for respondents.

MAYHAM, J. This is an appeal from a final order and judgment of this court, entered upon the report of a referee at a special term thereof, granting a peremptory writ of *mandamus* directed to Theodore W. Myers, as comptroller of the city of New York, commanding him forthwith, to draw and sign his warrant upon the chamberlain of the city of New York, directing him to pay to the treasurer of the state of New York the sum of $323,259.89, and thereupon to present such warrant to the mayor of the city of New York for counter-signature, and, upon such warrant being countersigned by said mayor, to deliver the same to said chamberlain. The judgment also gave the people costs against the appellant as comptroller. The sum so directed to be embraced in the warrant, represented the amount of unpaid state tax to the state treasury, levied, assessed, and collected upon the real and personal property subject to taxation within the city and county of New York for the fiscal year ending October 1, 1887, and payable, one-half on the 1st of April, 1888, and the other half on the 1st of May of that year. It is conceded that, at the time of granting the alternative writ of *mandamus* in this case, there was and still is, in the treasury of the city of New York, an amount of money largely in excess of the amount due the state on this tax, applicable to the payment of the same. The taxing power is one of the sovereign attributes of the state, and its exercise by the legislature for public purposes is unlimited, except as specified and restrained by the constitution. It is true that the power is exercised through the instrumentality of various judicial, executive, and ministerial officers or boards provided under the constitution and laws. The officers or boards mainly instrumental in levying and collecting this tax are the local assessors, the board of equalization of the state, the state comptroller, the board of estimate and apportionment of the city of New York, the board of aldermen acting as supervisors, the bureau of taxes and assessments, the bureau for the collection of taxes, which is the tax receiver, the chamberlain's office, which is the city treasury, and the state treasury, which is the ultimate depository of the state tax. This case shows that the various officers assumed to exercise their respective functions, so far as the equalization by the state equalization board, the apportionment to the city of New York by the comptroller of the state, the final estimate by the board of estimate and apportionment of the city of New York, including therein the entire amount of state tax called for by the certificate of the state comptroller, the board of aldermen acting as supervisors, and levying on the real and personal property of the city and county of New York the full amount of the tax certified by the state comptroller, for the collection of which they issued their warrant to the receiver of taxes, who proceeded to collect and receive the same, and paid the sums so collected and received by him, or a sufficient amount thereof to pay the state tax in arrears, over to or deposited the same with the city chamberlain, who holds the same subject to the draft or warrant of the city comptroller for the payment of this claim of the state. The case shows that the state board of equalization formulated a table equalizing the assessments of 1887 between the several counties of the state, and deposited the same in the office of the comptroller of the state on the 6th day of October in that year, and no proceedings were instituted, either before the board itself, or in the courts, by *certiorari*

or otherwise, to review or correct any error or irregularities in the same; and the comptroller, as was his duty, took that table as the basis of his apportionment of the state tax between and among the several counties of the state, including the county of New York. It is true that some members of the state board of equalization do not profess to have fully understood that tabulated statement ; but we do not think that a sufficient reason for avoiding the tax levy, or refusing to pay over the same to the state, either by the county treasurer of the counties or the city chamberlain of the city of New York. To allow the city comptroller, who as to the state tax is only charged with the ministerial duty of drawing his warrant on the chamberlain for the payment of state tax when collected, in this collateral way to determine for himself and the public whether some irregularity or informality had been committed, by any or all of the boards of officers by whose acts they were assessed and collected, would make it possible for a mere ministerial office, such as the county treasurer or chamberlain, to withhold the payment of the moneys levied by the taxing power of the state, and paid by the tax-payers into the custody of such officers, who are but the conduits through which the money is to reach the state treasury, to the great inconvenience and embarrassment of the public service. Assuming, therefore, as we do, that the comptroller of the city of New York, in drawing and signing his warrant on the city treasurer required by this writ, acts only ministerially for the state in that capacity, he is estopped from interposing any obstacles to the application of the money to the purposes for which it was levied, assessed, collected, and deposited with the treasurer of the city of New York. Upon the opinion, therefore, of the learned referee on that branch of the case, we think this order and judgment should be affirmed. This view of the case relieves us from considering many other questions raised and urged on this appeal by the learned counsel for the appellant. The judgment is affirmed, with costs and disbursements.

All concur.